

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2023 APR 13  A 7 11  *cc*

CAROL L. MICHEL

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**

**VERSUS**

**ROBERT M. WHITE**
  **individually, and in his official capacity as Assistant District Attorney**

**AND**

**CHARLES J. BALLAY**
  **individually, and in his official capacity as District Attorney**

**CIVIL ACTION**

**23 - 1247**

**NUMBER:**

**SECT. E MAG. 5**

**SECTION:**

**MAGISTRATE:**

## COMPLAINT

NOW INTO COURT comes petitioner, **MICHAEL R. HOLMES**, a person of

the full age of majority, a citizen of the United States of America, and a resident of

Plaquemines Parish, Louisiana,

## I.    PRELIMINARY STATEMENT

1.    This action is brought pursuant to 42 U.S.C. 1983 and 1988 as an action at

law to redress the deprivation under the color of statute, ordinance, regulation and custom

✓Fee 402.00
___Process_____
X_Dktd_____
___CtRmDep_____
___Doc.No._____

and usage of right, privilege or immunity secured to the petitioner by the First, Fourth,

Fifth and Fourteenth Amendments to the Constitution of the United States and arising

under the laws, constitution and statutes of the State of Louisiana.  Supplemental

jurisdiction over claims under state constitutional and statutory law is also invoked.

II.    **JURISDICTION**

    2.    Jurisdiction is vested in this Court by 28 U.S.C. 1331 and 1343.

    3.    Supplemental jurisdiction is asserted for all claims cognizable under the

laws of the State of Louisiana.

III.    **PARTIES**

**(PLAINTIFF)**

    4.    **MICHAEL R. HOLMES** (hereinafter "**HOLMES**"), an adult citizen of

the United States of America, and the State of Louisiana and domiciled in

the Eastern District of Louisiana, is plaintiff herein.

**(DEFENDANTS)**

    5.    **ROBERT M. WHITE** (hereinafter "**WHITE**"), individually, and in his

official capacity as Assistant District Attorney for the Parish of

Plaquemines, State of Louisiana, an adult citizen of the State of Louisiana,

residing and domiciled within the Eastern District of Louisiana is named

defendant herein.

    6.    **CHARLES J. BALLAY** (hereinafter "**BALLAY**"), individually, and in

his official capacity as District Attorney for the Parish of Plaquemines, State of

Louisiana, an adult citizen of the State of Louisiana, residing and domiciled within the

2.

Eastern District of Louisiana is named defendant herein.

## IV.    FACTUAL ALLEGATIONS

7.    On Sunday, September 23, 2018 petitioner Holmes was unreasonably detained, assaulted and battered, and unlawfully arrested by deputies of the Plaquemines Parish Sheriff's Office at 8970 Belle Chasse Highway in the community of Belle Chasse, Plaquemines Parish, Louisiana.  The plaintiff was attending the church/school fair event at Our Lady of Perpetual Help Catholic School.

8.    The deputy who initiated the detention and arrest later admitted that there was no reasonable suspicion to believe Holmes was involved in any criminal activity, and likewise no probable cause sufficient to believe any crime had been committed. He simply wished to compel Holmes to produce identification in order to investigate him, and unlawfully resorted to use of physical and excessive force to accomplish that end. Holmes, an attorney, promptly informed the deputies that his arrest was unlawful, but the offenders were not deterred.

9.    As Holmes had committed no crime with which to be charged, the offending deputies attempted to justify their actions and cover themselves against civil liability by fabricating false reports and narratives designed to support bogus criminal charges against Holmes.

10.    On December 6, 2018, the State, through the Office of the District Attorney, defendant **BALLAY,** charged Holmes by bill of information with one count of resisting an officer, in violation of La. R.S. 14:108.1, placing responsibility for handling of the matter in defendant **WHITE.**  Holmes pled not guilty and the case was scheduled

3.

for trial on February 26, 2019. After several continuances, trial was ultimately scheduled for September 24, 2019, which significantly was the date upon which petitioner's civil causes of action would become time-barred.

11.    On the date scheduled for trial, September 24, 2019, the criminal record reflects a minute entry that reads: "On motion of the State, this matter is dismissed. Completed informal diversionary program." According to this minute entry, the district court judge, the assistant district attorney, and the district court reporter were all present in court at the time of the dismissal. This minute entry, dictated by an assistant district attorney at the direction of defendant **WHITE,** was both false and unlawful, as set out in the opinion of the Fourth Circuit Court of Appeal for the State of Louisiana in its decision dated April 13, 2022, in *State of Louisiana v. Michael Ray Holmes,* NO. 2022-KA-0016, which ultimately concluded the criminal case.

12.    From the outset, defendants **BALLAY** and **WHITE** embarked on a campaign to coerce Holmes into a "diversion" agreement in efforts to protect the Sheriff and his deputies from civil liability, pursuant to jurisprudence establish by *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). Failing to do so, defendants caused the falsification of the court record.

13.    A diversion agreement is just that - an agreement; a meeting of the minds between the prosecutor and the criminal defendant. The criminal record is devoid of any agreement to participate in a pretrial diversion program or the complete terms of the alleged agreement. The conditions that a defendant must fulfill in order to complete a pre-trial diversion program may vary immensely, but those terms must be explicit and

4.

enumerated in the agreement. Petitioner Holmes never agreed to any form of diversion, consistently maintaining his intention to be vindicated of the false charge.

14.    During the course of the criminal matter, defendants **BALLAY** and **WHITE** knew, or reasonably should have known, that the criminal charge brought against Holmes was false, and that prosecution of it was untenable. Nevertheless, defendants **BALLAY** and **WHITE** held the threat of criminal prosecution (and potential loss of Holmes' law license) over petitioner's head for a year like the sword of Damocles. The Rules of Professional Conduct for attorneys in Louisiana, provide that the prosecutor in a criminal case shall refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause. The charging decision should not turn to any extent on the personal or political advantages or disadvantages which might be involved.

15.    It is a well-settled proposition that public officials, and prosecutors in particular, are held to a higher standard than ordinary attorneys.  Unlike other litigating lawyers, prosecutors are not merely advocates and officers of the courts, but also administrators of justice who have a duty to seek justice, and not merely to convict. This responsibility carries with it the specific obligation to see that the defendant is accorded procedural justice. A prosecutor is entrusted with upholding the integrity of the criminal justice system by ensuring that justice is served for both the victims of crimes and the accused.

16.    Though a prosecutor may have broad discretion in decisions to prosecute or not, defendants **BALLAY** and **WHITE** maintained the threat of prosecution for the ulterior motive or purpose of coercion to obtain a collateral advantage that was not

5.

properly involved in the proceeding.

17.     Though defendants **BALLAY** and **WHITE** may have simply dismissed the criminal charge, they did so in a false and unlawful manner designed to obtain a collateral advantage that was not properly involved in the proceeding. If a state court prosecutor could ex parte label every *nolle prosequi* as the product of an informal diversionary program, then an unscrupulous prosecutor's unilateral declaration made outside of open court would have been sufficient to bar all such defendants from pursuing civil rights lawsuits under a federal statute enacted to create just such a remedy. Defendants admittedly made this action a routine practice. Such was both unlawful and against public policy.

### V.     CAUSES OF ACTION

18.     The acts of defendants **BALLAY** and **WHITE** violated petitioner's First Amendment civil right to redress, as applied to the state through the Fourteenth Amendment.

19.     The acts of defendants **BALLAY** and **WHITE** violated petitioner's Fourth Amendment civil right to be free from unreasonable search and seizure, as applied to the state through the Fourteenth Amendment.

20.     The acts of defendants **BALLAY** and **WHITE** violated petitioner's Fourth Amendment civil right to be free of malicious prosecution, as applied to the state through the Fourteenth Amendment.

21.     The acts of defendants **BALLAY** and **WHITE** violated petitioner's Fifth Amendment civil right to due process, as applied to the state through the Fourteenth

Amendment.

22.    The acts of defendants **BALLAY** and **WHITE** violated petitioner's civil rights established pursuant to 42 U.S.C 1983.

23.    The acts of defendants **BALLAY** and **WHITE** violated petitioner's civil rights guaranteed by the Constitution of the State of Louisiana.

24.    The acts of defendants **BALLAY** and **WHITE** committed state law torts established by Louisiana Civil Code Art. 2315, et al., for fault causing damages, including but not limited to mental anguish, infliction of emotional distress, embarrassment, humiliation, loss of enjoyment of life, lost wages, loss of earnings potential, attorney's fees and costs.

25.    The acts of defendants **BALLAY** and **WHITE** committed the state law tort of defamation, causing damages including but not limited to harm to petitioner's good name, reputation, and standing in the community. The Louisiana Fourth Circuit Court of Appeal noted that "(i)n its brief, the State alleges a series of salacious actions and behavior by Mr. Holmes that led to his arrest." Those allegations were not true.

26.    The acts of defendants **BALLAY** and **WHITE** violated duties owed to petitioner under the Louisiana Bar Association Code of Professional Conduct, causing damages including but not limited to those set out in the preceding sections.

27.    Defendants **BALLAY** and **WHITE** are liable to plaintiff jointly, severally and in solido.

28.    Defendant **BALLAY** is liable for the acts committed by defendant **WHITE** by application of the doctrine of Respondeat Superior.

7.

29.    Pursuant to the Federal Civil Rights Act petitioner is entitled to reasonable attorney's fees.

30.    Pursuant to the Federal Civil Rights Act petitioner is entitled to punitive damages.

## VI.    DAMAGES

31.    As a result of the aforedescribed civil rights violations and state law torts, petitioner suffered harm to his reputation, good name and standing in his community.

32.    As a result of the aforedescribed civil rights violations and state law torts petitioner suffered mental and emotional pain and suffering, anguish and distress, embarrassment, humiliation, and loss of enjoyment of life.

33.    As a result of the aforedescribed civil rights violations and state law torts petitioner suffered lost earnings, lost earnings potential, attorney's fees, legal expenses and costs.

34.    Petitioner is entitled to reasonable attorney's fees in accordance with 42 U.S.C. 1988.

35.    Petitioner is entitled to judicial interest.

36.    Petitioner is entitled to all costs of these proceedings.

37.    Petitioner is entitled to all other equitable and general relief which may be granted.

**WHEREFORE**, the petitioner, **MICHAEL R. HOLMES**, prays that the defendants be duly cited and served with copies of the above and foregoing, made to timely appear and answer; that the Court exercise its supplemental jurisdiction over the

8.

state claims, and after due proceedings, there be judgment in his favor an against the

defendants, **ROBERT M. WHITE** and **CHARLES J. BALLAY**, holding them liable

jointly, severally and in solido for all compensatory and punitive damages alleged herein,

together with judicial interest, for all attorney's fees, and that the defendants bear all costs

of these proceedings, and for all further legal, equitable and general relief available.

Respectfully submitted,

**MICHAEL R. HOLMES**
505 Moncla Avenue
Belle Chasse, Louisiana 70037
(504) 394-4839
email:  mholmesjd@gmail.com