## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**                                          **CIVIL ACTION**

**VERSUS**                                                              **No. 23-1247**

**ROBERT M. WHITE ET AL.**                              **SECTION I**

### ORDER & REASONS

Before the Court is a motion[1] for summary judgment filed by defendants Daniel R. Martiny ("Martiny") and Sheriff Gerald A. Turlich, Jr. ("Turlich") (collectively, "defendants"). *Pro se* plaintiff Michael R. Holmes ("Holmes") has not filed any opposition to the motion, and the deadline for doing so has passed.[2] For the reasons that follow, the Court grants the motion in part and denies it without prejudice in part.

### I.    FACTUAL BACKGROUND

The Court set forth the factual background of this lawsuit in a previous order and reasons.[3] This lawsuit arises from a September 23, 2018 incident in which Holmes alleges he was "unreasonably detained, assaulted and battered, and unlawfully arrested by deputies of the Plaquemines Parish Sheriff's Office" after he was seen taking photographs of a carnival amusement ride at a Catholic school's fair

---

[1] R. Doc. No. 54.

[2] During a status conference held on April 30, 2024, the Court set a briefing schedule for defendants to file the present motion for summary judgment. R. Doc. No. 53, at 2. Pursuant to that briefing schedule, defendants' deadline to file their motion was May 14, 2024. *Id.* Holmes's deadline to respond to such motion was May 22, 2024. *Id.* Defendants timely filed their motion. To date, Holmes has not filed any response.

[3] *See* R. Doc. No. 44, at 1–5.

event.[4] This is Holmes's second federal lawsuit relating to this incident.

In Holmes's first lawsuit pursuant to 42 U.S.C. § 1983, this Court held a three-day jury trial.[5] On May 17, 2023, the jury found Sheriff's Deputy Corbett Reddoch ("Reddoch") liable to Holmes for Fourth Amendment violations, state-law battery, state-law false arrest or imprisonment, and state-law malicious prosecution.[6] Martiny represented Reddoch and other defendants, including Turlich, in that litigation.[7] Following the jury verdict, this Court entered judgment in Holmes's favor.[8] That judgment is now on appeal to the U.S. Court of Appeals for the Fifth Circuit.[9]

Holmes initially filed the instant lawsuit asserting claims only against defendants Charles J. Ballay ("Ballay"), individually and in his official capacity as district attorney of Plaquemines Parish, and Robert M. White ("White"), individually and in his official capacity as assistant district attorney.[10] After Ballay and White filed a motion to dismiss Holmes's original complaint,[11] the Court granted Holmes leave to file an amended complaint.[12]

Holmes's amended complaint, brought pursuant to 42 U.S.C. § 1983, alleges

---

[4] R. Doc. No. 23, ¶ 10.
[5] E.D. La. Case No. 19-12749, R. Doc. No. 205 (minute entry for jury trial).
[6] *Id.*
[7] *See generally* E.D. La. Case No. 19-12749 (docket sheet).
[8] E.D. La. Case No. 19-12749, R. Doc. No. 230 (judgment).
[9] E.D. La. Case No. 19-12749, R. Doc. No. 231 (notice of appeal).
[10] *See generally* R. Doc. No. 1. The Court notes that Holmes's later-filed amended complaint did not name White "individually and in his official capacity as assistant district attorney." *See* R. Doc. No. 44, at 1 n.2 (citing R. Doc. No. 23, ¶¶ 5, 94).
[11] R. Doc. No. 10.
[12] R. Doc. No. 20.

that Ballay and White violated his First, Fourth, and Fifth Amendment rights.[13] It further alleges that Ballay and White committed several Louisiana state-law torts, including infliction of emotional distress, defamation, fraud, and abuse of process.[14] Holmes's amended complaint also added Turlich, Martiny, and Martiny & Associates, LLC as defendants and asserted the same claims against these new defendants.[15]

On February 22, 2024, the Court granted Ballay's and White's second motion to dismiss Holmes's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[16] Turlich, Martiny, and Martiny & Associates, LLC did not join in that motion.

On April 30, 2024, the Court held a status conference with Holmes and counsel for the remaining defendants.[17] During this conference, Holmes narrowed his outstanding claims against those defendants to include only: (1) a federal § 1983 claim for conspiring with the district attorney's office to prevent Holmes's earlier § 1983 claim from going forward by "manufacturing a *Heck* bar" and threatening him with state criminal charges; and (2) various state-law claims, including defamation and malicious prosecution claims.[18]

Following the conference, Holmes also advised the Court that he did not intend to proceed with his claims against Martiny & Associates, LLC.[19] Accordingly, the

---

[13] R. Doc. No. 23, ¶¶ 69–72.
[14] *Id.* ¶¶ 75–79.
[15] *Compare* R. Doc. No. 1 *with* R. Doc. No. 23.
[16] R. Doc. No. 44.
[17] R. Doc. No. 53 (minute entry following status conference).
[18] *Id.* at 1.
[19] *See* R. Doc. Nos. 55, 57, 58.

Court dismissed those claims.[20]

Holmes's amended complaint alleges that, on December 6, 2018, Ballay and White charged Holmes with one count of resisting an officer in violation of Louisiana Revised Statute § 14:108.1 despite knowing that the charge was baseless.[21] According to Holmes, Ballay and White filed the charge in order "to extract or coerce an agreement by [Holmes] to forego filing a civil claim against Sheriff [Turlich] and the [S]heriff's deputies."[22] White allegedly reviewed Holmes's photos and stated they were "innocuous."[23] However, Holmes asserts that White "refused to dismiss the charge unconditionally and . . . insisted that [Holmes] agree to an 'informal diversion' and to forego civil action."[24] Holmes asserts that the purpose of the diversion agreement was "to protect the Sheriff and his deputies from civil liability" pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).[25] Holmes pleaded not guilty to the charge and continued to refuse to agree to any arrangement requiring him to give up his right to file a civil lawsuit.[26]

Nevertheless, the state court record reflected a minute entry dated September 24, 2019 which read: "On motion of the State, this matter is dismissed. Completed informal diversionary program."[27] According to the minute entry, the district court

---

[20] R. Doc. No. 55.
[21] R. Doc. No. 23, ¶¶ 29–37.
[22] *Id.* ¶ 37.
[23] *Id.* ¶ 38.
[24] *Id.*
[25] *Id.* ¶ 44.
[26] *Id.* ¶¶ 38–41.
[27] *Id.* ¶ 42.

judge, the assistant district attorney, and the district court reporter were present in court at the time of the dismissal.[28] Holmes alleges that he was unaware of the minute entry until Martiny mentioned it in a motion for summary judgment filed in Holmes's original civil rights lawsuit before this Court.[29] In August 2021, Holmes filed a motion to correct the minute entry, asserting that the minute entry was inaccurate because it was based on his completion of a pretrial diversion program which he did not complete. *State v. Holmes*, 338 So. 3d 46, 46 (La. App. 4th Cir. 2022).[30] The state court denied Holmes's motion, but it noted that his criminal case seemed to be active because the record contained no written record of a dismissal. *Id.* at 47.

On October 8, 2021, Holmes filed a motion to quash the bill of information based on the expiration of the one-year time limitation for trial for misdemeanors pursuant to Louisiana law. *Id.* The State opposed the motion to quash, arguing that the district attorney had already orally dismissed Holmes's case, as evidenced by the minute entry. *Id.* at 47–48. The state district court held a hearing on the motion to quash and found that Louisiana law "require[d] the State to either file a written statement of dismissal in the court record or dismiss the bill of information orally in open court." *Id.* at 48. Because there was neither a written statement of dismissal in the record nor a transcript reflecting an oral dismissal made in open court, the state district court granted Holmes's motion to quash. *Id.* at 48. The State appealed. *Id.*

---

[28] *Id.*

[29] *Id.*

[30] The Court notes that Holmes attached this Louisiana Fourth Circuit Court of Appeal opinion to his amended complaint. *See id.* at 24–31.

On April 13, 2022, the Louisiana Fourth Circuit Court of Appeal affirmed the state district court's decision to quash the bill of information. *Id.* at 49. In so doing, the appellate court noted that Holmes had "cast[] doubt on the accuracy of the . . . minute entry." *Id.* at 49. Again, according to Holmes, the minute entry's assertion that Holmes had agreed to an informal diversion "was nothing more than an attempt to obtain protection from suit for [Turlich]."[31]

Holmes's amended complaint also asserts that, during the course of Holmes's original civil rights lawsuit in this Court, Martiny, while acting as Turlich's agent, conspired with Ballay and White to deprive Holmes of his constitutional rights.[32] Martiny allegedly threatened Holmes that he would contact the district attorney and ask them to reinstate the charge against Holmes.[33] The complaint also asserts that Martiny and Turlich "improperly withheld the names and identities of witnesses and potential witnesses and the substance of any statements or information provided by them."[34] Further, Holmes alleges that Martiny, while acting as Turlich's agent, defamed Holmes by falsely portraying Holmes "as a person who was a threat to the safety of others, and a sexual predator[,]" including by arguing in a brief to the Fifth Circuit that Holmes's conduct satisfied the elements of the crime of video voyeurism.[35] Finally, Holmes alleges that Turlich "continues to defame [Holmes] . . . in recent postings on social media and other statements regarding the civil litigation, falsely

---

[31] *Id.* ¶ 49.
[32] *Id.* ¶¶ 61, 67.
[33] *Id.*
[34] *Id.* ¶¶ 62–63.
[35] *Id.* ¶¶ 65–66.

portraying [Holmes] as a threat to the safety of children and other citizens."[36]

In their motion for summary judgment, Martiny and Turlich argue that Holmes's § 1983 claim against them is prescribed, that Holmes's state-law claims against them are prescribed, that Holmes's federal claims against Turlich in his official capacity fail as a matter of law, and that Holmes's state-law defamation claim fails as a matter of law.[37] Martiny and Turlich also assert that Holmes's remaining claims are "so unintelligible that they do not warrant a response."[38] As mentioned, Holmes did not file any opposition, and the deadline for doing so has passed.

## II.     STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no

---

[36] *Id.* ¶ 68.
[37] R. Doc. No. 54-1, at 9-17.
[38] *Id.* at 17.

evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine dispute is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255. If the nonmovant fails to meet its burden of showing a genuine dispute for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

### III.   ANALYSIS

#### a.   Time Bars

##### i. Federal Claims

Defendants first argue that Holmes's § 1983 claim against them is prescribed and that they are therefore entitled to summary judgment on that claim.[39] As explained, during a status conference with the Court, Holmes clarified that his only remaining federal claim against defendants is a § 1983 claim for conspiring with the district attorney's office to prevent his earlier § 1983 claim from going forward by manufacturing a *Heck* bar and threatening him with state criminal charges.[40]

As the Court previously explained, "[t]he limitations period for § 1983 claims is determined by state personal injury law." *Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008). The applicable period in this case is one year. *See* La. Civ. Code Ann. art 3492 ("Delictual actions are subject to a liberative prescription of one year.").

While Louisiana law determines the limitations period for Holmes's § 1983 claims, federal law determines the accrual of these claims. *Walker*, 550 F.3d at 414. Pursuant to federal law, an action accrues when a plaintiff has "a complete and present cause of action" or when "the plaintiff can file suit and obtain relief." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "[T]he limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski v.*

---

[39] R. Doc. No. 54-1, at 9–12.
[40] R. Doc. No. 53, at 1.

*City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). In the context of a § 1983 conspiracy claim, "any cause of action against [the] defendants accrue[s] as soon as [the] plaintiff knew or should have known of the overt acts involved in the alleged conspiracy." *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987); *see also Baptiste v. Decou*, No. 19-CV-488, 2019 WL 3022029, at *2 (W.D. La. June 3, 2019) (quoting *Helton*, 832 F.2d at 335).[41]

Holmes filed the instant lawsuit on April 13, 2023.[42] To the extent that Holmes contends that the allegedly falsified minute entry constitutes an "overt act" in an alleged civil rights conspiracy against him, the Court has already held that, as a matter of law, any § 1983 claim related to the minute entry accrued at least as early as September 28, 2021.[43] On that date, Holmes filed a supplemental memorandum in support of his state-court motion to correct the minute entry, making many of the same allegations he has made in the present lawsuit.[44] Accordingly, any claim pertaining to the allegedly falsified minute entry is prescribed. Additionally, to the extent Holmes's federal § 1983 claim is analogous to a malicious prosecution claim, Holmes's prosecution "ended without a conviction" in 2021, when the state trial court

---

[41] The Court notes that Martiny is a private citizen and that, "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with other state actors." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004). "The plaintiff must allege (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* Martiny has not argued that, as a matter of law, Holmes cannot meet his burden of showing an agreement between Martiny and the public defendants to commit an illegal act.

[42] R. Doc. No. 1.

[43] *See* R. Doc. No. 44, at 11.

[44] *See id.*

granted Holmes's motion to quash the bill of information and is also therefore prescribed.[45] Summary judgment is therefore appropriate on those claims.

However, to the extent Holmes argues that Martiny's conduct "[d]uring the course of the civil litigation in *Holmes v. Reddoch*" constituted an overt act,[46] the Court cannot determine whether claims related to this alleged conduct have prescribed. Holmes's complaint provides no information about the date of Martiny's alleged threats regarding criminal prosecution.[47] And, despite bearing the burden of informing the Court of the basis for their motion for summary judgment and identifying portions of the record they believe demonstrate the absence of a genuine issue of material fact, defendants have not pointed the Court to any evidence that Holmes learned of Martiny's conduct in this respect more than one year before April 13, 2023. *See Celotex Corp.*, 477 U.S. at 323.[48]

Accordingly, the Court will grant defendants' motion for summary judgment with respect to Holmes's claims pertaining to the minute entry and alleged manufacturing of a *Heck* bar as prescribed. However, the Court lacks sufficient information to determine whether Holmes's civil rights conspiracy claim based on Martiny's conduct during the *Holmes v. Reddoch* litigation, specifically, the alleged

---

[45] *Id.* at 11–12 (quoting *Thompson v. Clark*, 596 U.S. 36, 39 (2022)). The Court also previously explained that nothing in the record suggested there was any basis for applying Louisiana's *contra non valentem* principle to toll prescription. *Id.* at 12–14.

[46] R. Doc. No. 23, ¶¶ 61–64.

[47] The only timeframe mentioned in the complaint is that the alleged wrongdoing occurred "[d]uring the course of the civil litigation in *Holmes v. Reddoch*[.]" *Id.* ¶¶ 61–62. The *Holmes v. Reddoch* litigation began in 2019 and is presently ongoing.

[48] The Court notes that defendants also have not made any other arguments for dismissing these claims.

threats of criminal prosecution, is prescribed.[49]

*ii. State-Law Claims*

Like Holmes's federal claims, Holmes's state-law tort claims are subject to a one-year prescriptive period pursuant to article 3492 of Louisiana's Civil Code. Defendants therefore argue that Holmes's state-law claims are time-barred.[50] To the extent Holmes's state claims against defendants overlap with his federal claims related to the minute entry, the Court finds that those claims are time-barred as set forth in the previous subsection. However, to the extent Holmes's state claims pertain to Martiny's alleged conduct during the course of the *Holmes v. Reddoch* litigation, defendants have not met their burden of demonstrating that they are entitled to judgment as a matter of law.

With respect to Holmes's defamation claim against defendants, that claim appears to be based on Martiny's "portray[al]" of Holmes during the *Holmes v. Reddoch* case.[51] The only specific example of defamation the complaint offers is that, in a brief to the Fifth Circuit, Martiny "gratuitously asserted that [Holmes] was acting for a lewd and lascivious purpose', asserting that, other than motive, 'each and every one of the elements (of the crime of Video Voyeurism) is actually satisfied.'"[52] As defendants note, the brief in question appears to have been filed with the Fifth

---

[49] Although Holmes's amended complaint contains certain allegations about Martiny's conduct during discovery in *Holmes v. Reddoch*, as noted, Holmes has since narrowed his claims to focus only on the allegedly manufactured *Heck* bar and the alleged threats of criminal prosecution. R. Doc. No. 53.

[50] R. Doc. No. 54-1, at 12.

[51] R. Doc. No. 23, ¶ 65.

[52] *Id.*

Circuit on July 21, 2021.[53] On December 14, 2021, the Fifth Circuit issued an opinion granting Holmes's motion to supplement the record with evidence of the state court's recent order quashing his criminal charge.[54] Based on this opinion, the Fifth Circuit vacated this Court's prior judgment and remanded the matter for further proceedings.[55] The Fifth Circuit also issued a judgment on that date, and the mandate issued on January 5, 2022.[56]

Pursuant to Louisiana law, an action arising from allegedly defamatory statements made in a judicial proceeding "cannot be brought by a party to the judicial proceeding until the proceeding is terminated." *Doe v. Roman Cath. Church of Archdiocese of New Orleans*, 588 F. Supp. 3d 698, 720 (E.D. La. 2022) (Morgan, J.) (quoting *Calvert v. Simon*, 311 So. 2d 13, 15 (La. App. 2d Cir. 1975)). As explained, the Fifth Circuit issued its judgment in Case No. 21-30164 on December 14, 2021 and the mandate issued on January 5, 2022. Accordingly, Holmes's claim based on statements made during these proceedings prescribed before April 13, 2023.[57]

### b.   Claims Against Turlich in his Official Capacity

The Court next addresses defendants' argument that Holmes's complaint fails to state a § 1983 claim against Turlich in his official capacity pursuant to pursuant

---

[53] 5th Cir. Case No. 21-30164, R. Doc. No. 18, at 17–18.
[54] 5th Cir. Case No. 21-30164, R. Doc. No. 57-1.
[55] *See id.*
[56] 5th Cir. Case No. 21-30164, R. Doc. No. 62-2.
[57] Alternatively, if that judgment did not terminate the judicial proceedings because the case is again before the Fifth Circuit on appeal following a jury verdict, *see* 5th Cir. Case No. 23-30424, Holmes's defamation claim would be premature since appellate proceedings are ongoing.

to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).[58]

"A suit against a government officer 'in his official capacity' is the same as a suit against the government entity of which he is an agent." *Jason v. Par. of Plaquemines*, No. 16-2728, 2017 WL 993152, at \*5 (E.D. La. Mar. 15, 2017) (Vance, J.) (citing *Burge v. Par. of St. Tammany*, 187 F.3d 452, 468 (5th Cir. 1999)). "Section 1983 offers no *respondeat superior* liability." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). However, municipalities like Plaquemines Parish "face § 1983 liability 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . .'" *Id.* (quoting *Monell*, 436 U.S. at 694).

"Section 1983 municipal liability requires proof of three elements: (1) a policymaker, (2) an official policy or custom, and (3) a violation of constitutional rights whose 'moving force' is that policy or custom." *Jason*, 2017 WL 993152, at \*5 (citing *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 227 (5th Cir. 2009)). "Thus, a plaintiff seeking to impose liability on a municipality under section 1983 must 'identify a municipal policy or custom that caused the plaintiff's injury.'" *Id.* (quoting *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403–04 (1997)).

Holmes's *Monell* claim against Turlich in his official capacity as Sheriff of Plaquemines Parish fails as a matter of law. As explained, municipal liability requires proof of an "official policy or custom" as the second element. *Jason*, 2017 WL 993152, at \*5. "The existence of a policy can be shown through evidence of an actual

---

[58] R. Doc. No. 54-1, at 13–14.

policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." *Valle v. City of Houston*, 613 F.3d 535, 542 (5th Cir. 2010) (citing *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir.2003)). Nothing in Holmes's complaint suggests that any "official policy or custom" existed with respect to Holmes's allegations against Turlich. And, as stated, Holmes did not oppose the instant motion. Accordingly, defendants are entitled to summary judgment dismissing any *Monell* claim against Turlich.

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. The motion is **GRANTED** in that Holmes's § 1983 claim against Martiny and Turlich with respect to manufacturing a *Heck* bar, Holmes's state-law claims against Martiny and Turlich with respect to manufacturing a *Heck* bar, Holmes's state-law defamation claim, and Holmes's claims against Turlich in his official capacity are **DISMISSED WITH PREJUDICE**. The motion is **DENIED WITHOUT PREJUDICE** to defendants' right to re-urge it with respect to Holmes's remaining federal and state-law claims regarding Martiny's alleged threats of criminal prosecution.

New Orleans, Louisiana, May 28, 2024.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**