# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**                                        **CIVIL ACTION**

**VERSUS**                                                   **No. 23-1247**

**ROBERT M. WHITE ET AL.**                                   **SECTION I**

## ORDER & REASONS

Before the Court is *pro se* plaintiff Michael R. Holmes's ("plaintiff") motion[1] to vacate the order,[2] dated May 28, 2024, granting defendants Daniel R. Martiny's ("Martiny") and Sheriff Gerald A. Turlich, Jr.'s ("Turlich") (collectively, "defendants") motion for summary judgement in part and denying it in part. Defendants filed a response opposing the motion.[3] Defendants also filed a superseding memorandum in opposition[4] to plaintiff's motion, seeking to cure any procedural defects in their initial response.[5] The superseding memorandum did not change defendants' substantive arguments.[6]

For the reasons below, the Court orders that plaintiff shall have additional time to respond to defendants' motion for summary judgment whereupon the Court will fully consider the motion.

## I. BACKGROUND

The Court extensively set forth the factual background of this lawsuit in a

---

[1] R. Doc. No. 63.
[2] R. Doc. No. 59.
[3] R. Doc. No. 65.
[4] R. Doc. No. 66.
[5] *Id.* ¶ I.
[6] *Id.*

previous order and reasons.[7] Accordingly, the Court will presume the parties' familiarity with such factual background and omit a full review of background that is irrelevant to plaintiff's motion for reconsideration.

Relevant to the present motion, the Court held a status conference with counsel for both parties participating on April 30, 2024.[8] During this conference, the Court granted defendants leave to file a motion for summary judgement and set a briefing schedule for those motions.[9]

In their motion for summary judgment, defendants argued that plaintiff's § 1983 claim against them is prescribed, that plaintiff's state-law claims against them are prescribed, that plaintiff's federal claims against Turlich in his official capacity fail as a matter of law, and that plaintiff's state-law defamation claim fails as a matter of law.[10] Defendants also asserted that plaintiff's remaining claims are "so unintelligible that they do not warrant a response."[11] The certificate of service stated that a copy of the motion had been served "upon all counsel of record via electronic filing."[12] Plaintiff did not file a response to this motion by the deadline nor after the deadline had passed.

The Court therefore issued an order[13] on May 28, 2024 granting defendants'

---

[7] *See* R. Doc. No. 44, at 1–5.
[8] R. Doc. No. 53 (minute entry following status conference).
[9] *Id.* at 2.
[10] R. Doc. No. 54-1, at 9–17.
[11] *Id.* at 17.
[12] *Id.* at 18.
[13] R. Doc. No. 59.

motion for summary judgement in part and denying it without prejudice in part based on its assessment of the record and the arguments raised in defendants' motion. The Court held that plaintiff's § 1983 claims and state law tort claims, related to the allegedly falsified minute entry and manufacturing of a *Heck* bar, were time barred.[14] But the Court declined, based on insufficient evidence, to conclude that plaintiff's civil rights conspiracy and state law tort claims related to conduct which occurred during the course of litigation in *Holmes v. Reddoch*[15] were time barred.[16] The Court determined that plaintiff's defamation claim was either time barred or premature considering the pending appeal filed in the Fifth Circuit.[17] Finally, the Court concluded that plaintiff's suit against Tulrich in his official capacity failed as a matter of law because nothing in plaintiff's complaint suggested that there was an official policy or custom as required for *Monell* claims.[18]

On June 24, 2024, plaintiff filed a motion[19] to vacate the Court's May 28, 2024 order, asserting that plaintiff had never been served with defendants' motion, and he was therefore not given an adequate opportunity to respond.[20] Plaintiff states that, as a *pro se* plaintiff, he is not registered in the Court's electronic filing system and that he was not served by mail, in person, by leaving the motion with an appropriate

---

[14] *Id.* at 11–12.
[15] E.D. La. Case No. 19-12749.
[16] *Id.*
[17] *Id.* at 12–13 & n.57.
[18] Id. at 13–15. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690–91(1978).
[19] R. Doc. No. 63.
[20] R. Doc. No 63-1, at 1–2.

3

person at his dwelling, nor by any other electronic means.[21]

Defendants responded,[22] arguing that the Local Rules require plaintiff to be registered with the electronic filing system.[23] Defendants do not claim to have served plaintiff by any means other than the electronic filing system.

## II.     STANDARD OF LAW

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). However, "such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment." *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). While a "Rule 60(b) motion does not toll the running of time for filing a notice of appeal[,] . . . a timely filed Rule 59(e) motion does." *Id.*

However, to avoid confusion over whether the appellate courts have jurisdiction to entertain an appeal pursuant to Federal Rule of Appellate Procedure 4(a)(4), the Fifth Circuit has clarified that post-judgment motions to alter or amend a judgment that are filed within twenty-eight[24] days after the entry of the judgment and are not to correct clerical errors "must, however designated by the movant, be

---

[21] *Id.*
[22] R. Doc. No. 65.
[23] *Id.* at 2–4.
[24] The authority cited herein states that the rule applies to motions filed within ten days, reflecting the timeliness requirement for Rule 59(e) motions that existed at the time. *See Harcon Barge Co.*, 784 F.2d at 667. The rule has since been amended to give parties twenty-eight days to file the motion. *See* Fed. R. Civ. P. 59(e).

4

considered as a Rule 59(e) motion." *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986); *see also Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 327 n.1 (5th Cir. 2004) (restating this holding). Motions that are untimely under Rule 59(e) must be considered pursuant to Rule 60(b). *Shepherd*, 372 F.3d at 327 n.1. Plaintiffs filed this motion within twenty-eight days of the entry of final judgment.[25] Accordingly, a Rule 59(e) analysis is appropriate.

A motion pursuant to Rule 59(e) "calls into question the correctness of a judgment." *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citations omitted). "Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

"Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Thus, "[a] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019). "Reconsideration of a judgment after its entry

---

[25] The Court issued its order granting defendants' motion for summary judgment in part and denying it in part on May 28, 2024. R. Doc. No. 59. Plaintiff filed his motion for reconsideration on June 24, 2024, R. Doc. No. 63, which is twenty-seven days after entry of judgment.

5

is an extraordinary remedy that should be used sparingly." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 226 (5th Cir. 2018).

District courts have broad discretion to decide whether to reopen a matter in response to a motion for reconsideration. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990). However, such discretion is not limitless. *Id.* A court must consider the dual needs of finality and "the need to render just decisions on the basis of all the facts." *Id.*

### III.  ANALYSIS

Plaintiff asserts that he was not properly served with defendants' motion for summary judgment, and he was therefore not given an opportunity to respond to defendants' arguments.[26] The Court construes this motion as a motion for reconsideration.[27]

Defendants' arguments that plaintiff should have been registered with the electronic filing system and that service through the electronic filing system was sufficient are without merit. While Rule 2 of the Administrative Procedures for Electronic Case Filings and Unique Procedures and Practices for Electronic Filings states that attorneys admitted to the bar of the Eastern District of Louisiana "must register as Filing Users of the Court's Electronic Case Filing System," the Court's review of Eastern District of Louisiana records in the electronic filing system reveals

---

[26] R. Doc. No. 63-1, at 2.
[27] The Court construes this filing liberally as it was filed *pro se*. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).

that plaintiff's bar membership is suspended. Indeed, the Louisiana State Bar Association website shows that plaintiff's bar membership in Louisiana is inactive.[28] Plaintiff is proceeding *pro se*, and he is not represented by a member of the bar. Accordingly, the electronic filing system was an insufficient means by which to effectuate service on plaintiff.

While plaintiff arguably should have been aware that defendants were filing a motion for summary judgment after the April 30, 2024 status conference,[29] the Court cannot conclude that plaintiff was at fault for failing to respond when he was not properly served. Additionally, considering the Court's interest in making just decisions based on all the facts, these considerations favor allowing plaintiff an opportunity to respond. The Court further concludes that any interest in finality is not outweighed by the Court's interest in arriving at a just decision, as the Court's May 28, 2024 order granted defendant's motion for summary judgment only in part. Proceedings remain ongoing as to both defendants, and defendants are not unduly prejudiced by granting plaintiff an opportunity to respond.

### III. CONCLUSION

For the reasons stated above,

---

[28] Membership Directory, LA. STATE BAR ASS'N (last visited July 11, 2024), https://www.lsba.org/MD321654/MembershipDirectory.aspx (complete word verification and click "Go To Membership Directory" button; then search "Micheal" in the first name box and "Holmes" in the last name box; then search results for "Mr. Michael Ray Holmes").

[29] *See* R. Doc. No. 53 (granting leave to defendants to file a motion for summary judgment and setting a briefing schedule after a status conference with both parties participating).

**IT IS ORDERED** that defendants shall properly serve plaintiff with their motion for summary judgment on or before **FRIDAY, JULY 19, 2024**.

**IT IS FURTHER ORDERED** that plaintiff shall be given an opportunity to respond[30] to defendants' Rule 56 motion for summary judgment in compliance with the Local Rules. Plaintiff shall file his response and ensure that it is received by chambers no later than **MONDAY, JULY 29, 2024**, at which time the Court will fully consider the motion to amend the judgment. Should plaintiff fail to timely respond, the Court will deny the motion to vacate this Court's order.

New Orleans, Louisiana, July 12, 2024.

*[signature]*

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[30] While this Court is aware that plaintiff is *pro se* and is not registered with the Court's electronic filing system, it remains plaintiff's responsibility to ensure that his response is properly filed with the Court.

8