## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICHAEL R. HOLMES**                                        CIVIL ACTION

**VERSUS**                                                        No. 23-1247

**ROBERT M. WHITE, ET AL.**                                SECTION I

## ORDER & REASONS

Before the Court is defendants Daniel R. Martiny's ("Martiny") and Sheriff Gerald A. Turlich, Jr.'s ("Turlich") (collectively, "defendants") motion[1] for summary judgement. *Pro se* plaintiff Michael R. Holmes ("Holmes") filed a motion[2] for an extension of time to file his response. The Court granted[3] that motion and ordered Holmes to ensure that his response was received in chambers no later than October 7, 2024. Holmes failed to file a timely response, and the Court has not received a response as of the date of this order. For the reasons that follow, the Court grants defendants' motion.

## I.    FACTUAL BACKGROUND

The Court extensively set forth the factual background of this lawsuit in previous orders.[4] Accordingly, the Court will presume the parties' familiarity with such factual background and omit a full review of the background of this case.

This lawsuit arises from a September 23, 2018 incident in which Holmes alleges he was "unreasonably detained, assaulted and battered, and unlawfully

---

[1] R. Doc. No. 81.
[2] R. Doc. No. 84.
[3] R. Doc. No. 85.
[4] *See* R. Doc. No. 44, at 1–5; R. Doc. No. 83, at 2–9.

arrested by deputies of the Plaquemines Parish Sheriff's Office" after he was seen taking photographs of a carnival amusement ride at a Catholic school's fair event.[5] In *Holmes v. Reddoch*, Holmes's first lawsuit, Holmes filed a complaint[6] asserting claims pursuant to 42 U.S.C. § 1983. Among other claims, Holmes asserted that the defendants in that case violated his Fourth Amendment rights by unreasonably stopping him, arresting him without probable cause, falsely imprisoning him for resisting an officer, and unreasonably searching him and his property.[7] On May 17, 2023, the jury found Sheriff's Deputy Corbett Reddoch liable to Holmes for a Fourth Amendment violation of an unreasonable arrest, state-law battery, state-law false arrest or imprisonment, and state-law malicious prosecution.[8] The Court entered judgment in Holmes's favor.[9] And the Fifth Circuit affirmed the Court's judgment.[10]

The above-captioned matter was filed[11] on April 13, 2023, and it is Holmes's second lawsuit to arise out of the September 23, 2018 incident. Holmes's amended complaint contains several claims pursuant to 42 U.S.C. § 1983, alleging violations of his First, Fourth, and Fifth Amendment rights, as well as several state-law claims.[12] In an April 30, 2024 status conference, Holmes narrowed his claims and informed the Court that his remaining claims against defendants were "(1) a federal

---

[5] R. Doc. No. 23, ¶ 10.
[6] E.D. La. Case No. 19-12749, R. Doc. No. 1.
[7] E.D. La. Case No. 19-12749, R. Doc. No. 52, at 3–6 (memorandum delineating claims).
[8] E.D. La. Case No. 19-12749, R. Doc. No. 219 (verdict form).
[9] E.D. La. Case No. 19-12749, R. Doc. No. 230 (judgment).
[10] E.D. La. Case No. 19-12749, R. Doc. No. 249.
[11] R. Doc. No. 1.
[12] R. Doc. No. 23, ¶¶ 69–72, 75–79.

§ 1983 claim for conspiring with the District Attorney's Office to prevent [Holmes's] earlier § 1983 claim from going forward by 'manufacturing a *Heck* bar' and threatening him with state criminal charges; and (2) various state-law claims against defendants, including defamation and malicious prosecution claims."[13]

Defendants then filed a motion[14] for summary judgment. The Court granted[15] defendant's motion in part and denied it without prejudice in part. The Court granted defendant's motion for summary judgment for Holmes's defamation claim, malicious prosecution claim, and claim against Turlich in his official capacity.[16] The Court also held that Holmes's claims related to the allegedly falsified minute entry were prescribed.[17] But Holmes's § 1983 conspiracy claim also relies on alleged threats to reinstate criminal charges. Because neither party provided the dates on which the alleged threats occurred, the Court thereby declined to conclude that Holmes's claim was prescribed with respect to these alleged threats and denied defendants' motion for summary judgment in that respect.[18]

In response to motions[19] to amend the judgment by Holmes, the Court amended the reasoning on which it relied to grant defendants' motion for summary judgment with respect to the defamation claim.[20] Yet the Court maintained that

---

[13] R. Doc. No. 53, at 1.
[14] R. Doc. No. 54.
[15] R. Doc. No. 59.
[16] *Id.* at 10–11, 15.
[17] *Id.* at 10.
[18] *Id.* at 11–12, 15.
[19] R. Doc. No. 63 (motion to vacate the Court's May 28, 2024 order and reasons); R. Doc. No. 73 (re-urged motion to vacate the Court's May 28, 2024 order and reasons).
[20] R. Doc. No. 83, at 16–29.

defendants were nonetheless entitled to summary judgment on the defamation claim, and the Court declined to amend its order in any other respect.[21]

Defendants then filed the present motion[22] for summary judgment. In the motion, defendants first argue again that Holmes's § 1983 conspiracy claim is prescribed to the extent that it relies on the alleged threats of criminal prosecution.[23] Second, defendants argue that Holmes has failed to provide any factual allegations or evidence from which the Court could conclude that Martiny acted under color of law or that an actual constitutional deprivation occurred as required for a § 1983 conspiracy claim.[24] Lastly, defendants argue that "there is no evidence that there was an agreement between the private and public defendants to commit an illegal act vis-à-vis any prosecution of [Holmes]."[25] Because the Court agrees with defendants that Holmes's § 1983 conspiracy claim is prescribed, the Court will not address defendants' other arguments.

## II.    STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the

---

[21] *Id.* at 34.
[22] R. Doc. No. 81.
[23] R. Doc. No. 81-1, at 4.
[24] *Id.* at 4–6.
[25] *Id.* at 7.

record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine dispute is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the nonmovant fails to meet its burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be

believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255. "Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *JW Dev., LLC v. Indep. Specialty Ins. Co.*, No. CV 22-390, 2022 WL 3139133, at *1 (E.D. La. Aug. 5, 2022) (Africk, J.) (quoting *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017)).

## III.   ANALYSIS

As the Court previously explained, "[t]he limitations period for § 1983 claims is determined by state personal injury law." *Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008). The applicable period in this case is one year. *See* La. Civ. Code Ann. art 3492 ("Delictual actions are subject to a liberative prescription of one year.").

While Louisiana law determines the limitations period for § 1983 claims, federal law determines the accrual of these claims. *Walker*, 550 F.3d at 414. Pursuant to federal law, an action accrues when a plaintiff has "a complete and present cause of action" or when "the plaintiff can file suit and obtain relief." *Id.* (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "[T]he limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). In the context of a § 1983 conspiracy claim, "any cause of action against [the] defendants accrue[s] as soon as [the] plaintiff knew or should have known of the overt acts involved in the alleged conspiracy."

6

*Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987); *see also Baptiste v. Decou*, No. 19-CV-488, 2019 WL 3022029, at *2 (W.D. La. June 3, 2019) (quoting *Helton*, 832 F.2d at 335).

Defendants, in support of their argument that Holmes's conspiracy claim is prescribed, point to letters submitted by Holmes in a previous filing in support of his motion for reconsideration.[26] In that filing, Holmes stated that these letters demonstrate that Martiny "had been in communication with the DA defendants and that the faked 'diversion' dismissal was discussed."[27] The letters regarding the diversion that are attached to the filing include a January 15, 2020 letter[28] from Martiny to Holmes; a February 3, 2020 letter[29] from Martiny to Holmes; a February 26, 2020 letter[30] from Martiny to Holmes; and a September 3, 2019 email[31] from Graham Bosworth[32] to Holmes. Holmes has not responded to defendants' motion and has not advised the Court of any other alleged threats.

Because Holmes filed this lawsuit on April 13, 2023[33]—more than three years after he received the referenced communications—Holmes's conspiracy claim is prescribed to the extent that it relies on these letters as overt acts taken as part of

---

[26] R. Doc. No. 81-1, at 4.
[27] R. Doc. No. 75, at 4.
[28] R. Doc. No. 75-2.
[29] R. Doc. No. 75-3.
[30] R. Doc. No. 75-4.
[31] R. Doc. No. 75-6.
[32] Graham Bosworth was Holmes's attorney in his state-law criminal case arising out of the September 23, 2018 incident at the school fair. E.D. La. Case No. 19-12749, R. Doc. No. 72, at 4–5.
[33] R. Doc. No. 1.

the conspiracy. Holmes does not allege any overt acts taken as part of the conspiracy other than the alleged threats in these letters and the allegedly falsified minute entry, which the Court previously concluded was prescribed.[34] Accordingly, defendants are entitled to summary judgment with respect to Holmes's § 1983 conspiracy claim and any state-law delictual claims that rely on these letters.

## IV.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that defendants' motion is **GRANTED**. Holmes's § 1983 conspiracy claim and any state-law delictual claims that rely on the alleged threats to reinstate criminal charges are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, to the extent that Holmes maintains any state-law claims not previously identified to this Court, Holmes's state-law claims are **DISMISSED WITHOUT PREJUDICE** to their being timely asserted in state court.

New Orleans, Louisiana, October 9, 2024.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[34] R. Doc. No. 59, at 10.