UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL R. HOLMES                                          CIVIL ACTION

VERSUS                                                     No. 23-1247

ROBERT M. WHITE ET AL.                                     SECTION I

**ORDER & REASONS**

Before the Court is *pro se* plaintiff Michael R. Holmes's ("Holmes") motion[1] for leave to file a memorandum in opposition to defendants Daniel R. Martiny's and Sheriff Gerald A. Turlich, Jr.'s (collectively, "defendants") motion[2] for summary judgement. The Court dismisses Holmes's motion as moot.

On September 17, 2024, defendants filed a motion for summary judgment and set the submission date for October 2, 2024.[3] This made Holmes's response due on September 24, 2024.[4] On September 25, 2024—after the deadline to respond had passed—Holmes filed a motion for an extension of time to file a response.[5] Holmes's request stated that, because Holmes had elected to receive service by mail, he did not receive a copy of defendants' motion for summary judgment until September 21,

---

[1] R. Doc. No. 88.
[2] R. Doc. No. 81.
[3] *Id.*
[4] *See* L.R. 7.5 ("Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date.").
[5] R. Doc. No. 84.

1

2024.[6] He further stated that he did not see the motion until September 23, 2024[7]—the day before his response was due.

The Court granted[8] Holmes's motion for an extension and ordered him to ensure that his response was received by October 7, 2024. To ensure that Holmes was timely notified of his new deadline, a member of the Court's staff informed Holmes by telephone that the Court would publish an order granting his motion for an extension and that his new deadline would be October 7, 2024.

On October 9, 2024, having not received a response from Holmes, the Court issued its order and reasons granting defendants' motion for summary judgment based on the Court's conclusion that Holmes's remaining claim was prescribed.[9] The Court thereby issued its final judgment in the case.[10]

On October 10, 2024, Holmes filed the present motion seeking leave to file his response to defendants' motion for summary judgment.[11] Holmes stated that there had been a miscommunication when Holmes received the Court's courtesy call and that he had understood his deadline to respond would be October 10, 2024.[12] He explained that he received the Court's call while driving and that the audio may have

---

[6] *Id.* at 1.
[7] *Id.*
[8] R. Doc. No. 85.
[9] R. Doc. No. 86.
[10] R. Doc. No. 89 (amended judgment).
[11] R. Doc. No. 88.
[12] *Id.* at 1–2.

been affected by noise coming through his shattered driver's side window—which he states was "completely shattered by the shock wave of a nearby lightning strike."[13]

Alleged miscommunications aside, the Court's order clearly stated that Holmes's new deadline was October 7, 2024 and that failure to comply with the order may be treated as grounds for granting defendants' motion.[14] This order was mailed to Holmes's address as the means he elected to receive communications from the Court. Holmes was not entitled to rely on his memory of a courtesy call from Court staff for what the Court's order would be.

Because Holmes's motion seeking leave to file his response comes after the Court issued its order and reasons granting defendants' motion for summary judgment, Holmes's motion is moot. Additionally, the Court notes that it has examined Holmes's proposed response attached to this motion, and nothing in his response would change the Court's reasoning. Holmes does not point to evidence of alleged threats that occurred within the prescriptive period for his claim. And Holmes's argument that ongoing discovery renders summary judgment premature[15] is inadequate. Holmes has not complied with Federal Rule of Civil Procedure 56(d) by demonstrating "how additional discovery will create a genuine issue of material fact." *See Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citation omitted). Accordingly,

**IT IS ORDERED** that Holmes's motion is **DISMISSED AS MOOT**.

---

[13] *Id.* at 2.
[14] *See* R. Doc. No. 85, at 1.
[15] *See* R. Doc. No. 88-2, at 4.

New Orleans, Louisiana, October 11, 2024.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**